THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FRANCISCO SANTIAGO CORREA, Defendant and Appellant.

No. 14040. Argued November 7, 1949.—Decided January 30, 1950.

G. *Marrero Ledesma* for appellant. *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Fernando Fornaris, Jr., Assistant Fiscal,* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

The appellant was prosecuted and convicted of abandonment of minors and sentenced to three months' imprisonment in jail, but the sentence was suspended provided the defendant paid to the mother of the abandoned minors the weekly sum of $5.00.

The evidence of the district attorney consisted of the testimony of the prosecutrix and of the Clerk of the Munic-

ipal Court of Río Grande. The former testified that she married Juan Fuentes, whom she divorced on the ground of abandonment on August 17, 1940; that she had carnal relations with the defendant while she lived in his house; that when she became pregnant, the defendant took her to live to her mother's house and there she gave birth to a child named Engracio on January 21, 1941; that after the child was born, she went to live with defendant's mother; that again she became pregnant and for the second time went to live with her mother until the minor Ana Francisca was born, thereafter returning with the two children to live with defendant's mother; that during six years the defendant supported the minors by giving them a weekly allowance of $3.00 at first, and later $2.00, but thereafter he discontinued the allowance.

The testimony of the Clerk of the Municipal Court of Río Grande was to the effect that on a certain occasion, the judge of that court, the defendant and the prosecutrix met in the former's office and shortly thereafter the judge called the witness and told him to receive a certain amount of money that the defendant would deposit weekly for the prosecutrix's children; that on one occasion the defendant deposited $3.00 for that purpose; that subsequently the latter was ordered to deliver the weekly amount to the prosecutrix through the Justice of the Peace Court of Canóvanas or through the Police Headquarters of that town. In one part of his testimony he stated that the defendant, when delivering the $3.00, told him that they were "for defendant's children," but on cross-examination he denied that the defendant had told him that the minors were his children.

The only evidence offered by the defendant was the record in the divorce suit brought by Juan Fuentes against the prosecutrix. It appears therefrom that the birth of the first child took place after the 180 days following the celebration of the marriage with Juan Fuentes and within the 300 days following its dissolution.

■■ If this were a civil action to challenge the legitimacy, the evidence introduced with regard to the paternity of this minor would not be sufficient to overcome the presumption that said child is the legitimate son of Juan Fuentes. Section 113 of the Civil Code.[1] But apart from this, since we are dealing with a criminal case, the presumption of legitimacy can not be challenged within this proceeding. In this respect § 116 of the Civil Code provides that the legitimacy can only be challenged by the husband or his legitimate heirs. In enumerating those who may challenge the legitimacy, the Code, naturally, excluded those that it did not mention in said Section. If it would have been the intention of the Legislature to vest the State with power to challenge the legitimacy, it could have easily done so. *Ex parte Madalina*, 164 Pac. 348 (Cal. 1917).

It may be argued that the limitation as to who may challenge the legitimacy is within the purview of the Civil Code, and since no similar provision is contained in the Penal Code, § 116 is not applicable to criminal actions. This argument is untenable because § 116 establishes the public policy of the State in relation to contesting the legitimacy and, naturally, this policy should not vary with the nature of the proceeding brought.

■■ If this were the only minor alleged to have been abandoned by the defendant, we would feel constrained to reverse the judgment. But the complaint in the instant case involves the abandonment of two minors and as to the second, Ana Francisca, the facts are not the same as those in the case

---

[1] Sec. 113 of the Civil Code provides:

"Legitimate children are those born 180 days after the marriage has been celebrated and before 300 days have passed after the marriage has been dissolved.

"Against legitimacy no other proof shall be admitted than the physical impossibility of the husband to use his wife within the first one hundred and twenty days of the three hundred days that have preceded the birth of the child."

of her brother, for she was born much later than the 300 days following the dissolution of the marriage. The surrounding circumstances of her case were not present in *People* v. *De Jesús*, 57 P.R.R. 694, where it was proved that the date of the sexual relations and the date of the child's birth were compatible with the period of gestation; but if we take into account that when the prosecutrix became pregnant she was living in defendant's house; that before she gave birth she went to live in her mother's house, but after the girl was born, they both went to live in the house of defendant's mother; if we consider that the support given by the defendant to these children during six years, was not given by mere liberality on his part, but because the municipal judge called him at the request of the informer and ordered him to deliver every week a certain amount at a certain place, we shall reach the conclusion that all these circumstances which have not been controverted in any way, show that the defendant tacitly admitted the paternity of the girl.

The case of *People* v. *Cáceres*, 65 P.R.R. 344, may be easily distinguished from this case in that there the defendant at no time gave support to the alleged son.

We realize that the pronouncement suspending the sentence of imprisonment while defendant delivers to the prosecutrix $5.00 weekly for the support of the children was probably made because of the two minors involved, but in view of the limited amount which in fact is insufficient for the support of the children, we shall not reduce the amount. The judgment will be modified to the effect that the $5.00 weekly that defendant must deliver to the prosecutrix shall be applied to the support of the minor Ana Francisca. As modified it is affirmed.